# IN THE COURT OF APPEALS OF IOWA

No. 18-1611
Filed November 21, 2018

**IN THE INTEREST OF E.R. Jr. and E.R.,**
**Minor Children,**

**E.R., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Karen Kaufman Salic, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Richard N. Tompkins Jr., Mason City, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Danielle M. DeBower of Eggert, Erb, Kuehner & DeBower, P.L.C., Charles City, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his two children. He contends termination is not in the children's best interests, a statutory exception to termination pursuant to Iowa Code section 232.116(3)(a) (2018) applies, and he should have been granted an extension to work toward reunification.

The children in interest, ER1 and ER2, were born in July 2015 and October 2017. The children came to the attention of the Iowa Department of Human Services (DHS) the day after ER2's birth due to severe medical complications relating to the birth. The child's birth was followed by several months of hospitalization, and the child's complications could potentially result in future medical issues. The mother failed to make critical medical decisions and admitted she had not sought any prenatal care. The mother tested positive for amphetamine and benzodiazepine at the time of delivery, and she admitted using methamphetamine since June 2017. She also admitted using Xanax just prior to delivery. ER2's umbilical cord blood tested positive for amphetamine and tests completed on ER1 were positive for marijuana and methamphetamine. The mother had a history with DHS regarding some of her other children, and her parental rights have been terminated as to multiple children. The court granted temporary removal of both children from the mother's care and placed the children with a foster family that had previously adopted two of the mother's other children.[1]

The father has a lengthy history of assaulting the mother, which resulted in prior incarceration. During DHS's investigation, it learned of a serious domestic-

---

[1] DHS placed ER2 into foster care after the child's release from the hospital in January 2018.

abuse incident which occurred in August 2017 between the mother and father during which the father strangled the mother, pulled her hair, and threatened her with a knife. The mother was pregnant with ER2 and ER1 was present. Law enforcement located the father hiding under a bed with a knife. This incident led to the father's arrest and subsequent conviction for domestic abuse assault. The court sentenced him to two years in prison and entered a no-contact order, which is in effect until 2023. The father was also convicted of twenty-four counts of violating the no-contact order while in jail. His sentence in those proceedings was ordered to run consecutively with the assault conviction. He remained incarcerated through the life of this case, including during the termination hearing. He testified that his expected release date is October 2018. The father has never met ER2 and, during the pendency of this case, has not had any visitation with ER1.

DHS ultimately returned founded child-abuse assessments against both parents for denial of critical care.[2] The court adjudicated both children in need of assistance in November 2017 and they remained in foster care until April 2018, at which time they were returned to the mother's care and temporary custody after she met all of DHS's expectations, including completing substance-abuse treatment and remaining sober. The State filed petitions to terminate the father's parental rights to ER1 and ER2 in May 2018 pursuant to Iowa Code section 232.116(1)(h). The termination hearing occurred on August 31, 2018, with the court filing its ruling later that same day. The juvenile court terminated the father's

---

[2] The father also has numerous founded child-abuse assessments over many years, largely for denial of critical care.

parental rights to both children pursuant to Iowa Code section 232.116(1)(h). The father appeals.

We review termination-of-parental-rights proceedings de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* We will uphold the termination of parental rights "if there is clear and convincing evidence of the grounds for termination under Iowa Code section 232.116." *Id.* The best interests of the children is the principal interest in termination proceedings. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

The father does not dispute the sufficiency of the evidence under section 232.116(1)(h), therefore we do not need to discuss this step in the three-step termination process. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The father contends termination is not in the best interests of the children. However, he provides no citations to authorities or supportive facts in support of his argument. We therefore deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Next, the father argues the statutory exception to termination contained in Iowa Code section 232.116(3)(a) applies because the children are in the custody of their mother. The "factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Section 232.116(3)(a) permits the juvenile court to forego termination when a "relative has legal custody of the child." The court "may use [its] discretion 'based on the unique

circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *Id.* (quoting *A.M.*, 843 N.W.2d at 113). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)(a)." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

"Placement of the child in one parent's home does not preclude termination of the other parent's rights." *In re K.G.*, No. 14-0012, 2014 WL 1999179, at *2 (Iowa Ct. App. May 14, 2014). Here, the father's incarceration at the time of trial and throughout the pendency of this case was for the conviction of domestic abuse assault against the mother while she was pregnant with ER2 and ER1 was present. Further, the father was also serving time for convictions resulting from twenty-four violations of the resulting no-contact order. On our de novo review, and given the circumstances of this case, we conclude no exception under 232.116(3) should be applied in this case to preclude termination.

The father also requests an additional six months to work toward reunification. He argues extra time is warranted because his release date from incarceration was only a short time after the termination hearing. Further, he contends he has a great relationship with ER1, so an extension of time would allow him to resume that relationship and build one with the ER2.

Section 232.104(2)(b) provides the juvenile court with the option to continue placement of a child for an additional six months to work toward reunification if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." The father remained incarcerated

throughout the entire pendency of this case and, at the time of the termination hearing, he had not seen ER1 for over a year and had never met ER2. Further, the father's incarceration was for a domestic-abuse incident during which ER1 was present and the mother was pregnant with ER2. "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *C.B.*, 611 N.W.2d at 495 (quoting *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981)). Additionally, there is nothing in the record to indicate the father has engaged in services in any meaningful way. The record indicates the father never asked or sought out any services from DHS. During multiple hearings, he failed to request any services when asked by the court. The father testified that he had started the Iowa Domestic Abuse Program six weeks prior to the termination hearing. However, "[t]ime is a critical element. A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *Id.* Finally, the father has never sought visitation with either child. We therefore find an extension is unwarranted for the father and affirm the order terminating his parental rights.

**AFFIRMED.**